**MORSE DIESEL INTERNATIONAL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 99–279C.**

United States Court of Federal Claims.

Oct. 8, 1999.

### *CONSOLIDATED DISCOVERY AND PROTECTIVE ORDER*

SMITH, Chief Judge.

The Court hereby MEMORIALIZES and RESTATES its oral ruling GRANTING plaintiff's Motion to Monitor Phase II of Contract Completion Activities at the Thomas F. Eagleton United States Courthouse in St. Louis, Missouri. The Court further finds that plaintiff's monitoring activities shall be subject to certain protective limitations.

Pursuant to Rule 34(a), the entire Courthouse building shall be the designated site for discovery through monitoring. On-site monitoring under RCFC 34(a)(2) is subject to the same standard of arguable relevancy as other discovery devices. *See* RCFC 26(b)(1). The fact-specific nature of the dispute in this case provides a sufficient showing of relevancy for such designation. The designation, however, is restricted to the building itself. Furthermore, in light of the circumstances in this case, strict compliance with the Rule 34(b) written request procedure is unnecessary. The Court has discretion to adjust discovery procedure in Rule 34(b) when efficiency and justice so require. *See* RCFC (1)(a)(2).

At the same time, if hardship is alleged, the Court may restrict discovery through a Rule 26(c) protective order. Here, the defendant did not make an adequate showing of harm to preclude on-site monitoring or to require a security escort. Nevertheless, monitoring shall be subject to the following conditions:

(1) there shall be no more than two (2) monitors on site at any time;

(2) the monitors may engage in observation, measuring, note-taking, photographing, videotaping, and any other activities permitted by Rule 34(a)(2);

(3) the monitors shall not engage in the above activities or in conversations with on-site personnel in a manner that unduly interferes with the work on the project;

(4) the plaintiff shall grant the defendant a full week's written notice of the date, time, and names of the monitors;

(5) the plaintiff shall transmit the notice to the defendant's attorney of record at the U.S. Department of Justice in Washington, D.C., and to a contracting officer on site;

(6) monitoring visits shall be limited to two (2) eight-hour working days per week; and

(7) a contracting officer on site or his designate may accompany the monitors.

Pages numbered 21 through 25 of the transcript of the telephonic oral argument on the Motion from September 30, 1999, at 4:00 p.m. Eastern Daylight Time, are hereby INCORPORATED BY REFERENCE into the text of this Order. The Clerk of Court is DIRECTED to WITHDRAW the Order of October 1, 1999, and to SUBSTITUTE this Order in its place.

It is so ORDERED.